BAYER AG, et al., Plaintiffs,

v.

BIOVAIL LABORATORIES,
INC., et al., Defendants.

Nos. Civ. 98–1282 (RLA), Civ. 98–1340
(RLA), Civ. 98–1494 (RLA), Civ.
98–1768 (RLA).

United States District Court,
D. Puerto Rico.

Jan. 29, 1999.

Salvador Antonetti–Zequeira, Fiddler, Gonzalez & Rodriguez, San Juan, P.R., David C. Indiano, Indiano, Williams & Weinstein–Bacal, San Juan, P.R., for plaintiffs.

Edgardo Cartagena–Santiago, Ramón E. Dapena, Jesús E. Cuza–Abdala, Goldman Antonetti & Cordova, San Juan, P.R., for defendants.

## ORDER DENYING TRANSFER OF VENUE

ACOSTA, District Judge.

Defendants have strongly argued in favor of transferring these consolidated suits to the U.S. District Court for the Western District of Pennsylvania at Pittsburgh, under the provisions of 28 U.S.C. § 1404(a) which plaintiffs have vehemently opposed. The court having reviewed the documents on file as well as the arguments presented by the parties hereby finds that based on the relevant factors under the statute, transfer of venue is not warranted.

## THE FACTS

Plaintiff, BAYER, AG is a German corporation with its principal place of business in the Federal Republic of Germany.

BAYER CORPORATION ("BAYER CORP.") is an entity organized and existing under the laws of Indiana with its principal place of business in Pittsburgh, Pennsylvania.

BAYER CORP. is wholly owned by BAYER AG.

PFIZER, INC. ("PFIZER") is a corporation organized and existing under the laws of Delaware and has its principal place of business in New York.

BIOVAIL CORPORATION ("BIOVAIL CORP.") is a corporation organized and existing under the laws of the Province of Ontario, Canada with its principal place of business in Ontario.

BIOVAIL LABORATORIES, INC. ("BIOVAIL LABS.") is a corporation organized and existing under the laws of Barbados, West Indies, with its principal place of business thereat.

On November 23, 1993 the U.S. Patent and Trademark Office issued Patent No. 5,264,-446 ("the 446 patent") entitled "Solid Medicament Formulations Containing Nifedipine, And Processes For Their Preparation" which was assigned to BAYER AG.

BAYER AG has been the owner of the aforementioned patent since its issuance.

BAYER CORP. is a licensee of the 446 patent.

BAYER CORP. holds an approved New Drug Application for an extended release nifedipine formulation which it sells under the registered name Adalat® CC.

PFIZER is also a licensee of BAYER AG under the 446 patent.

PFIZER holds an approved New Drug Application for nifedipine extended release tablets, sold under the registered name Procardia XL®.

During 1998 BIOVAIL LABS. submitted four (4) Abbreviated New Drug Applications ("ANDAs") with the Food and Drug Administration ("FDA") seeking approval for the manufacture and sale of generic equivalents for ADALAT® CC and Procardia XL®.

Pursuant to statutory mandate, BIOVAIL LABS. mailed notices of its ANDAs to plaintiffs. The first three (3) notices designated BIOVAIL LABS.'s general manager in its Puerto Rico facility as the person authorized to be served with process in the event that legal action ensued as a result of the FDA applications. The last notice, however, named an attorney in Washington, D.C. instead.

BIOVAIL LABS. has a manufacturing plant in Puerto Rico which is not involved in the nifedipine formulations at issue in this litigation.

PFIZER manufactures PROCARDIA XL® as well as other pharmaceutical products in Puerto Rico.

## PROCEDURAL BACKGROUND

Plaintiffs instituted these consolidated actions commencing in March 1998 through July 1998. A suit identical to the last one filed in this district was simultaneously initiated in Washington, D.C.

The four (4) complaints pending before us, which are practically identical, charge that defendants' filing of the aforementioned ANDAs with the FDA constitute infringement of the rights secured under the 446 patent.

Additionally, in 1997 plaintiffs had commenced a similar infringement action based on the 446 patent against Mylan Laboratories, unrelated to defendants herein, in the Western District of Pennsylvania, i.e., *Bayer AG, et al., v. Mylan Laboratories, et al.*, Civ. No. 97–1309.

Subsequent to being named defendants in the first three (3) consolidated actions in this district, BIOVAIL LABS. and BIOVAIL CORP. instituted declaratory judgment proceedings in the Western District of Pennsylvania against plaintiffs herein based on the same controversy at issue before us. The Pennsylvania suit was STAYED on January 4, 1999. The court reasoned that under the first-filed rule of comity and "absent evidence of 'rare or extraordinary circumstances, unequitable conduct, bad faith, or forum shopping' ", the complaint filed by defendants in Pittsburgh should be held in abeyance pending the disposition of the claims before us.

## CHANGE OF VENUE

Defendants would rather have these claims tried in Pennsylvania [1] and have petitioned this court for a change of venue under 28 U.S.C. § 1404(a) which reads:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Determinations under § 1404(a) are fact-specific and will depend on the particular circumstances present in each case. *Stewart Organization v. Ricoh Corp.*, 487 U.S. 22, 29,

---

1. As part of their arguments for keeping these actions in this forum plaintiffs question *in personam* jurisdiction over defendants in Pennsylvania. However, given our ruling today, there is no need to address this issue.

108 S.Ct. 2239, 101 L.Ed.2d 22, 31 (1988) (court must "weigh in the balance a number of case-specific factors.") In exercising its discretion under the provisions of the statute, the court should also take into consideration "the order in which jurisdiction was obtained by the district court, the availability of documents, and the possibilities of consolidation". *Cianbro Corp. v. Curran–Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir.1987).

Plaintiffs' choice of forum will not be easily disturbed and defendants have the burden of convincing the court that the transfer is warranted. Merely shifting the inconvenience of a change of forum to the opposing party is not sufficient. 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3848.

According to the record, no witnesses or documents are located in either Pennsylvania or Puerto Rico. Defendants contend, however, that the case should be transferred out of this district anyway since it is easier for the witnesses, experts and counsel to travel to the Western District of Pennsylvania than Puerto Rico. As grounds for their request, defendants argue that Pittsburgh is more convenient since there are the two related suits pending in said district and BAYER CORP. has its headquarters there. Furthermore, defendants contend that Pittsburgh is more accessible from Canada where most, if not all defendants' employee-witnesses reside and where all pertinent documentation is located since all research and preparation for the aforementioned ANDAs was carried out there. Defendants also suggest that Pittsburgh represents a more advantageous location to counsel for all parties who are based in Chicago, New York and Delaware.

First and foremost, this litigation was initially filed in this district and the court assigned a parallel suit in Pennsylvania has rejected defendants' similar arguments regarding venue.

It is evident that the discovery in these actions, which will evolve around the validity and scope of the 446 patent, will entail highly technical information as well as expert testimony. Based on the information provided by the parties, there are no witnesses or experts presently located in Pennsylvania. Quite the contrary, it would appear that based on the material in the record thus far the potential witnesses and relevant evidence in this case are scattered throughout the various states and CANADA. No particularized showing has been made by movants to establish that having the proceedings tried here [2] as opposed to Pittsburgh would somehow prevent witnesses from attending trial. The same holds true for experts retained by the parties.

Defendants allege that plaintiffs' documents relevant to the patent infringement issue should be in Pittsburgh as a result of the *Mylan* litigation. However, according to an affidavit submitted by plaintiffs, BAYER CORP.'s offices in Pittsburgh have no documents related to the issues presented in these actions nor are there any potential witnesses to these proceedings in that location.

Inasmuch as the potential witnesses and documentation are not concentrated in a particular location, the court's geographical location will not affect where depositions will be taken nor where productions of documents will be effected in response to discovery requests in this litigation. Absent a stipulation by the parties, where and how depositions are taken or documentary evidence made available will depend solely on whether the notice/petition is addressed to a party or non-party to the proceedings and where the witness/documents are located.

In sum, defendants' argument boils down to the alleged convenience of the witnesses, documents and counsel in making their way to Pennsylvania as opposed to Puerto Rico. However, Puerto Rico's geographical location is not remote to any of the cities mentioned by the parties in these actions. There is ample transportation available which makes this destination equally accessible to all parties. Further, documents can be easily forwarded to this district through a myriad of efficient delivery services.

---

2. Defendants have not contested this forum's in personam jurisdiction over them.

Based on the information provided by petitioners we fail to see how keeping this case in this jurisdiction would somehow curtail defendants' access to witnesses and documents. Defendants are not infirm or destitute individuals but corporations with considerable economic resources. In this regard, they can easily make use of all modern means of communication and take advantage of all available technological advances in the discovery process and in preparation for trial regardless of the court's venue.

Lastly, we find that it is reasonable for plaintiffs to have commenced proceedings in this forum based upon defendants' designation of their local general manager as authorized to receive service of process on three (3) separate occasions. The fact that defendants subsequently named an agent elsewhere is of no consequence to our ruling since justice is best served if all four (4) cases dealing with the same issue and the same parties are tried in a single forum.

## CONCLUSION

Based on the foregoing, Defendants' Motion to Transfer (docket No. 9)[3] is hereby DENIED.[4]

IT IS SO ORDERED.

---

**3.** All docket references pertain to Civ. No. 98–1282, the lead case in these consolidated actions.

**4.** *See also* Defendants' Memorandum ... (docket No. **10**); Plaintiffs' Brief in Opposition ... (docket No. **13**); Defendants' Reply ... (docket No.

**20**); Plaintiffs' Surreply ... (docket No. **22**); Motion ... to Supplement the Record ... (docket No. **24**); Response of BAYER AG ... (docket No. **26**) and Supplementary Motion ... (docket No. **28**).